UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| REBECCA E. BLACKWOOD, | * | CIVIL ACTION NO.: |
| Plaintiff | * | |
| | * | |
| ROLLING FRITO-LAY SALES LP, | * | SECTION NO.: |
| LOUIS JOSEPH BREAUX, and | * | |
| ACE AMERICAN INSURANCE COMPANY | * | MAGISTRATE: |
| Defendants | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT WITH REQUEST FOR JURY TRIAL

Now and through the undersigned counsel, comes Plaintiff, Rebecca E. Blackwood who files this Complaint against Defendants Rolling Frito-Lay Sales LP, Louis Joseph Breaux, and Ace American Insurance Company and avers as follows:

1.

Plaintiff Rebecca E. Blackwood is a person of full age of majority and is domiciled in the State of Oklahoma and is the grandmother to decedent Ethan Day and grandson Bobby Day and is the mother of Rachel Anglin.

2.

Plaintiff is informed and believes and thereupon alleges that at all relevant times herein, defendant Rolling Frito-Lay Sales LP is incorporated in the State of Delaware and its principal place of business is in the State of Texas.

3.

Plaintiff is informed and believes and thereupon alleges that at all relevant times herein, defendant Louis Joseph Breaux is a person of full age and majority and is domiciled in the State of Mississippi.

4.

Plaintiff is informed and believes and thereupon alleges that at all relevant times herein, defendant ACE American Insurance Company is incorporated in the State of Pennsylvania and its principal place of business is also in the State of Pennsylvania. ACE American Insurance Company, an insurer, is licensed to do and doing business in the State of Louisiana.

5.

The motor vehicle collision giving rise to this claim occurred on Interstate 12 East in Tangipahoa Parish, Louisiana near Exit 42 at approximately milepost marker 45.5 and within the jurisdiction of this Honorable Court and therefore this court has personal jurisdiction over Defendants and venue is proper pursuant to 28 USC § 1391.

6.

In addition, this Honorable Court has diversity jurisdiction over this matter pursuant to 28 USC § 1332 as the amount in controversy exceeds $75,000 and the parties are diverse, plaintiff being a citizen of Oklahoma and his citizenship being different than all of the defendants.

7.

On September 17, 2012, at approximately 1:00 p.m., Louis Joseph Breaux was employed by defendant Rolling Frito-Lay Sales LP, acting within the course and scope of his employment duties while operating a Frito-Lay delivery truck with his class D commercial driver's license from the State of Mississippi.

8.

Rebecca Blackwood was a passenger in a disabled vehicle outside of the travel lanes in the designated breakdown lane. The vehicle's emergency flashers were on. She was waiting for assistance and in the process of taking her 1 year old grandson Ethan Day out of the car seat in the backseat at the time the vehicle was rear ended by the Frito-Lay delivery truck at highway speed. As a result of the collision, Ms. Blackwood was injured and her grandson, Ethan Day, was killed.

9.

Louis Joseph Breaux, the driver of the Frito-Lay truck told reporting officers that he took a drink from a cup, looked down to his center console to replace the cup properly, looked up and saw the disabled vehicle in front of him and then struck the vehicle.

10.

As the Frito-Lay truck bore down upon the disabled vehicle, Rebecca Blackwood was attempting to extract the baby Ethan Day from his car seat. Ms. Blackwood saw the truck through the rear window immediately before impact and witnessed the wrongful death of her grandson Ethan Day. She also witnessed her daughter Rachel Anglin and grandson Bobby Day in harm's way of the Frito-Lay truck.

11.

Upon information and belief, at all times defendant Rolling Frito-Lay Sales LP employed Louis Joseph Breaux and owned the Frito-Lay truck he drove on the day of the incident while he was acting within the course and scope of his employment at the time of the incident. Therefore, Rolling Frito-Lay Sales LP is liable for Louis Joseph Breaux's negligence under *Respondeat Superior*.

12.

Plaintiff avers that the collision was caused by the fault and neglect of Louis Joseph Breaux, employee of defendant Rolling Frito-Lay Sales LP, in the following non-exclusive manners:

1. Improper lane usage and failure to keep his vehicle from moving out of his marked lane;
2. Careless operation of his vehicle;
3. Failing to keep his vehicle under proper control;
4. Failing to keep a proper lookout:
5. Failing to see what he should have seen;
6. Driving on the shoulder of highway and;
7. Other acts of negligence which will be shown at the trial of this matter.

13.

As a result of this collision, Rebecca E. Blackwood sustained serious physical and emotional injuries and damages which include but are not limited to:

1. Multiple thoracic spine fractures.
2. Multiple lumbar spine fractures.
3. Multiple rib fractures.
4. Traumatic brain injury.
5. Ruptured internal organs.
6. Severe emotional distress and diagnosed severe depression.
7. Various sprains, strains, abrasions, contusions and other physical and emotional harms.

14.

Rebecca Blackwood further avers a negligent infliction of emotional distress claim based on CC § 2315.6 do to witnessing the fatality of her grandson Ethan Day and injuries to her daughter damages to her daughter Rachel Anglin and grandson Bobby Day.

15.

As a result of this collision, Rebecca E. Blackwood seeks to recover damages as follows:

1. Past and future medical costs;
2. Past and future lost earnings;
3. Future diminished earning capacity;
4. Past and future pain and suffering;
5. Past and future mental anguish, anxiety, worry; and
6. Other damages which will be shown at trial.

16.

Due to the fault and neglect of Louis Joseph Breaux as set forth above and plaintiff's resulting damages and injuries, Rebecca E. Blackwood herein demands financial compensation, payment, reimbursement, and recovery from Louis Joseph Breaux by and through Rolling Frito-Lay Sales LP, and ACE American Insurance Company for all damages she has incurred and will incur as a result of this collision and injuries as well as pre-judgment interest, post judgment interest, expert fees, court costs, and all other items of damages she is entitled to recover by any applicable law of the United States of America and under the laws of the adjacent state pursuant to OCSLA and any other state or federal law that may apply.

17.

Upon information and belief, ACE American Insurance Company is liable for the negligence of Louis Joseph Breaux and Rolling Frito-Lay Sales LP because they provided a

policy of liability insurance for the Frito-Lay truck driven by Louis Joseph Breaux at the time of the collision.

18.

Plaintiff hereby requests a jury trial for all issues raised in this complaint.

WHEREFORE, after due proceedings had, Plaintiff Rebecca Blackwood prays for judgment in her favor and against Rolling Frito-Lay Sales LP, Louis Joseph Breaux, and ACE American Insurance Company for all damages she has sustained as a result of the accident and all damages remedies and amounts she is entitled to under any applicable state or federal law and for all general and special damages appropriate under the premises and that this court is competent to grant.

Respectfully Submitted,

_____
David T. Achord (Pending *Pro Hac Vice*)
Raymond Y. Ryan (Pending *Pro Hac Vice*; Trial Attorney)
SAN DIEGO INJURY LAW CENTER
Emerald Plaza
402 W. Broadway, Suite 1910
San Diego, CA 92101
Telephone: (619) 338-8230
Facsimile: (619) 338-8134
Email: info@sdinjurylaw.com
ray@sdinjurylaw.com

_____
Peirce Hammond II
Hammond Law Firm
650 Poydras Street, Suite 1400
New Orleans, LA 70130
Telephone: (504) 299-3458
Facsimile: (504) 299-3491
Email: phammond@hammond-law.com
Attorneys for Plaintiff REBECCA E. BLACKWOOD